NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY SPINE GROUP, LLC, *et ano.*, | Civil Action No.: 17-13173 (JLL) |
| Plaintiffs, | OPINION |
| v. | |
| BLUE CROSS AND BLUE SHIELF OF MASSACHUSETTS, INC., *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiffs North Jersey Spine Group, LLC and Garrick Cox, M.D., LLC's Motion to Remand this matter to the Superior Court of New Jersey. (ECF No. 7). Defendants have submitted Opposition to Plaintiffs' Motion (ECF No. 11), to which Plaintiffs have replied. (ECF No. 17). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiffs' Motion to Remand.

## I. BACKGROUND

On November 27, 2017, Plaintiffs initially filed the subject action against Defendants in the Superior Court of New Jersey, Essex County, Law Division. (ECF No. 1-1 ("Compl.")). Plaintiffs are out-of-network and/or non-participating healthcare providers. (Compl. ¶ 11).

Defendants are all healthcare insurance coverage providers, who all afforded non-party Patient J.B. healthcare insurance. (Compl. ¶¶ 4-7).

In March of 2014, Plaintiffs performed a "spine decompression laminectomy surgery with interbody fusion and stabilization" surgery on Patient J.B. (Compl. ¶ 12). In advance of performing the surgery, Plaintiffs submitted a request to Defendants for pre-authorization to perform same. (Compl. ¶ 13). Also prior to the surgery, "Defendants expressly pre-authorized Plaintiffs to provide the surgical services to [Patient] J.B." (Compl. ¶ 15). After performing the surgery, Plaintiffs submitted their bills to Defendants for reimbursement, but Defendants denied the claim asserting that the procedure was not medically necessary. (Compl. ¶¶ 16-17). Throughout 2014 and 2015, Plaintiffs and Patient J.B. "filed numerous unnsuccesful internal and external appeals of the medical necessity denial[, and] Plaintiffs have [now] exhausted the appeal process." (Compl. ¶ 18).

Accordingly, Plaintiffs filed this state court action asserting the following causes of action: Count I – Unjust Enrichment and *quantum meruit*; Count II – Promissory Estoppel; and Count III – Negligent Misrepresentation. (*See generally* Compl.). On December 16, 2017, Defendants removed the action to this Court. (ECF No. 1). Plaintiffs now move to remand the action to state court, arguing that the matter is not completely preempted by the Employee Retirement Income Security Act ("ERISA") and that this Court does not have original jurisdiction over this case. (ECF No. 7-1 ("Pl. Mov. Br.")).

## II. ARGUMENTS & ANALYSIS

A plaintiff is "the master of the claim". *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Mere references to federal law within the context of state law causes of action do not

automatically give rise to jurisdiction in a federal district court under Section 1331. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–12 (1983).

Federal law does not create the cause of action in this matter. *See id.* at 27–28. Defendants' assertion that jurisdiction arises here under federal law is without merit, since Plaintiff's claims "do[] not fit within th[at] special and small category," as "it takes more than a federal element to open the 'arising under' door." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699-701 (2006) (quotations omittied). State claims — such as those asserted by Plaintiffs is their complaint— are not transformed into federal causes of action merely because the Court will be called upon to note that an underlying federal violation may have occurred. *See Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 813–17 (1986) (affirming the remand of a state law claim that was based on a theory that defendant violated a federal law); *see also JVC Ams. Corp. v. CSX Intermodal Inc.*, 292 F. Supp. 2d 586, 592 (D.N.J. 2003) (stating removed action should be remanded when federal law is merely referenced or mentioned in a state law claim); *Hunter v. Greenwood Trust Co.*, 856 F. Supp. 207, 214–15 (D.N.J. 1992) (granting motion to remand state law claim, even though the complaint cited underlying federal law).

Additionally, Defendants have failed to meet the *Pascack* elements to show that Plaintiffs' claims are completely preempted by ERISA. As Plaintiffs' correctly note, in order to disregard a well-pleaded complaint, a removing defendant must show that the plaintiff "could have brought [his or her] claim under ERISA" and that "*there is no other independent legal duty that is implicated by [the defendant's] actions.*" *Pascack Valley Hosp., Inc. v. Loc. 464A UCFW Welfare Reimbursement Plan*, 388 F.3d 393 400 (3d Cir. 2004). The mere "possibility – or even likelihood – that ERISA's pre-emption provision, may pre-empt [a plaintiff's] state law claims" is an

insufficient basis to remove the action to federal court. *Pascack*, 388 F.3d at 394. The Third Circuit has explained that the *Pascack* burden is a "heavy burden" for defendants to carry. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

In this case, Defendants have failed to meet both prongs of *Pascack*. While it is true that Plaintiffs' claims could have *potentially* been brought under ERISA, Defendants fail to provide any proof that Patient J.B. executed assignments of benefits in connection with his surgery such that ERISA would be applicable. (*See generally* ECF No. 1). "[T]he absence of an assignment is dispositive of the complete pre-emption question." *Pascack*, 388 F.3d at 404. Courts in this District have consistently remanded when no valid assignment of benefits has been presented. *E.g.*, *Emergency Physicians of St. Clare's v. United Health Care*, 2014 WL 7404563 (D.N.J. Dec. 29, 2014); *N. Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc.*, 2008 WL 4371754 (D.N.J. Sept. 18, 2008). Because Defendants fail to properly assert ERISA standing, and a valid assignment of benefits, Defendants do not meet the first *Pascack* prong.

Even if Defendants were able to cure the above deficiency, removal remains improper as Defendants cannot meet the second prong of *Pascack*. This is because Plaintiffs' claims are based on Defendants' pre-authorization of Patient J.B.'s medical treatment. By pre-authorizing said treatment Defendants providing Plaintiffs with "independent standing to seek redress under ERISA," as such conduct could give rise to a negligent misrepresentation claim. *Mem. Hosp. Sys v. Northbrook Life Ins. Co.*, 904 F.2d 236, 249-50 (5th Cir. 1990) (citations omitted); *see also McCall v. Metro. Life Ins. Co.*, 956 F. Supp. 1172, 1185-87 (D.N.J. 1996) (adopting the reasoning in *Mem. Hosp.*). Hence, because Plaintiffs' claims stem from Defendants' pre-authorization of

medical services for Patient J.B., Plaintiffs have an independent legal basis for same. Accordingly, Defendants cannot meet the second prong of *Pascack*, and the action must be remanded.

### III. CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion for Remand is granted. An appropriate Order accompanies this Opinion.

DATED: May 7th, 2018

JOSE L. LINARES
Chief Judge, United States District Court

5